UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
FLORIDA

CASE NO.:

ACCESS NOW, INC., a Florida non-profit corporation, and ROBERT GUMSON

**02-21734**

Plaintiffs,

v.

SOUTHWEST AIRLINES, CO., a Texas corporation,

Defendant.

_____/

## COMPLAINT

Plaintiffs, ACCESS NOW, INC. ("ACCESS NOW"), and ROBERT GUMSON ("GUMSON"), by their undersigned counsel, sue the Defendant, SOUTHWEST AIRLINES, CO., a Texas corporation, ("SOUTHWEST") and states:

### SUMMARY OF THE CASE

1. ACCESS NOW, a non-profit, access advocacy organization for disabled individuals, and GUMSON, who is a blind individual, bring this action for injunctive and declaratory relief to require SOUTHWEST to bring the internet website SOUTHWEST.COM (the "SOUTHWEST.COM website") into compliance with the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12101, et seq. GUMSON, as well as certain other members of ACCESS NOW are blind and therefore, can only navigate the internet by employing a screen access software program ("screen reader") that converts website content into synthesized speech. The SOUTHWEST.COM website is incompatible with screen readers, denying plaintiffs of their



access to services offered through SOUTHWEST.COM.[1] Despite being the first airline to establish a home page on the internet, SOUTHWEST has failed to remove communications barriers inherent in the SOUTHWEST.COM website, thus denying the blind, independent access to purchase products,[2] in violation of Title III of the ADA, 42 U.S.C. §§12181, et seq.

## JURISDICTION AND PARTIES

2.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12181, et seq. (hereinafter the "ADA") and 28 U.S.C. §§2201-02. This Court has jurisdiction pursuant to 28 U.S.C. §1331. Venue is proper in this district (Miami division), pursuant to 28 U.S.C. §§1391(b) and (c) in that a substantial part of the events giving rise to the action occurred and continue to occur in this district and/or the Defendant conducts substantial and regular business within this district. Defendant operates for profit, 24 hours a day, 7 days a week, an inter-active website(s) to solicit and sell their services to the public living within the district.

3.     Plaintiff, ACCESS NOW, is a Florida not-for-profit corporation, with over 600 nationwide members, many of whom are disabled. One of the purposes of Access Now is to assure that public spaces, public accommodations and commercial premises are accessible to and useable by its members; to assure its members are not excluded from the enjoyment and use of the benefits and services, programs, and activities of public accommodations; and to assure that its members are not discriminated against because of their disabilities. ACCESS NOW and its

---

[1] Southwest, through its Website, represents that it is a publicly traded company on the New York Stock Exchange under symbol "LUV" with a total operating revenue in the year 2001 of 5.6 billion dollars. Southwest employs more than 34,000 employees, flies to 58 cities in approximately 30 states. Moreover, Southwest represents that it was the most admired airline in the world for the years 1997 through 2000; one of the most admired companies in the world; and has been named one of the top 100 E-businesses in the United States.

[2] Southwest represents on its Website that internet users search for Southwest more than any other airline on the web.

blind members, including GUMSON, have suffered as a result of SOUTHWEST'S actions and/or inactions as stated herein.

4. Plaintiff, GUMSON is an individual, sui juris, with a disability defined by the ADA, 42 U.S.C. §12102(2). GUMSON has a computer on which he installed a screen reader and on which he uses the internet and has e-mail capabilities. He has attempted, prior to the filing of this lawsuit, to use the SOUTHWEST.COM website to purchase airline tickets other products, however, he was/is unable to gain access to the goods and services offered by SOUTHWEST.COM as they are inaccessible to a blind person using a screen reader. SOUTHWEST.COM offers the sighted customer the promise of independence of on-line airline/hotel booking in the comfort and safety of their home. Yet, even if a blind person like GUMSON has a screen reader with a voice synthesizer on their computer, they are prevented from using the SOUTHWEST.COM website because of its failure to allow access.

5. To help its sighted customers tailor their searches, SOUTHWEST.COM provides tabs marked "Reservations, Schedules and Fares" and a "click and save program", "travel center" and "rapid rewards" program, thereby offering its sighted customers a customized and money saving booking experience.

6. In fact, SOUTHWEST.COM states on its website that more 3.5 million people subscribe to SOUTHWEST'S weekly click and save e-mails. Moreover, SOUTHWEST touts itself as exemplary of the highest level of design effectiveness and innovative technology achievable on the web today. Unfortunately, this "innovative technology" excludes plaintiffs as SOUTHWEST.COM fails to accommodate the disability, despite the relative ease to accommodate.

## FACTUAL BACKGROUND

7.  In 1990, Congress enacted the ADA (42 U.S.C. § 12101, et seq.) wherein commercial enterprises were provided one and a half years from the enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1993. 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

8.  The stated purpose of the ADA can best be surmised by Justice Kennedy's concurring opinion in the recent United States Supreme Court's opinion, Board of Trustees of Univ. of Alabama v. Patricia Garrett, 531 U.S. 356, 121 S. Ct. 955 (2001) (Kennedy, J., O'Connor, J. concurring).

> Prejudice, we are beginning to understand, rises not from malice or hostile animus alone. It may result as well from insensitivity caused by simple want of careful, rational reflection or from some instinctive mechanism to guard against people who appear to be different in some respects from ourselves. ... [k]nowledge of our own human instincts teaches that persons who find it difficult to perform routine functions by reason of some mental or physical impairment might at first seem unsettling to us, unless we are guided by the better angels of our nature. There can be little doubt, then, that persons with mental or physical impairments are confronted with prejudice which can stem from indifference or insecurity as well as from malicious ill will.
>
> One of the undoubted achievements of statutes designed to assist those with impairments is that citizens have an incentive, flowing from a legal duty, to develop a better understanding, a more decent perspective, for accepting persons with impairments or disabilities into the larger society. The law works this way because the law can be a teacher. ... [T]he Americans with Disabilities Act of 1990 will be a milestone on the path to a more decent, tolerant, progressive society.

Id.

9.  The SOUTHWEST.COM website is a public accommodation as defined by Title III of the ADA, 42 U.S.C. § 12181(7), in that it is a place of exhibition, display and a sales establishment. SOUTHWEST has discriminated and continues to discriminate against Plaintiffs,

4

and others who are similarly situated, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their website (SOUTHWEST.COM) in derogation of the ADA.

10. Specifically, blind members of ACCESS NOW, including GUMSON do not have use of a monitor, nor a computer mouse due to their disability. Instead of reading web pages or viewing the images, they listen to the web through a software program known as a screen reader. A screen reader converts text into speech using an integrated voice synthesizer and the computer's sound card to output the content of a website to the computer's speakers.

11. Blind members of ACCESS NOW and GUMSON, in employing their screen readers, have been denied access to the SOUTHWEST.COM website based solely on their disability, prior to the filing of this lawsuit. Specifically, the SOUTHWEST.COM website fails to provide "alternative text" which would provide a "screen reader" program the ability to communicate via synthesized speech what is visually displayed on the website.

12. Additionally, the SOUTHWEST.COM website also fails to provide online forms which can be readily filled out by ACCESS NOW and GUMSON and fails to provide a "skip navigation link" which facilitates access for these blind consumers by permitting them to bypass the navigation bars on a website and proceed to the main content.

13. SOUTHWEST.COM accessibility barriers include, without limitation, the following:

(a) Approximately 45 instances of failure to provide alternative text for all images on the home page alone ("unlabeled graphics");

(b) Data tables are not adequately labeled with headers for the table rows and columns;

(c) Online forms which cannot be completed by a blind consumer; and

    (d)    Absence of "skip navigation link".

14.    Accordingly, the SOUTHWEST.COM website does not allow screen readers to effectively monitor the computer screen and to fully convert the information into synthesized speech. SOUTHWEST.COM'S use of (a) unlabeled graphics, (b) inadequately labeled data tables, (c) online forms not accessible to the blind and its lack of a (d) "skip navigation link" deny plaintiffs access to on-line bookings and other items offered through SOUTHWEST.COM. In fact, what often appears to be text-such as the tabs for reservations and schedules are in fact unlabeled graphics. For example:

    (a)    **Navigating**: Although SOUTHWEST.COM'S home screen contains some text (i.e., "Reservations, Schedules and Fares"), in actuality, the "text" is a graphic that while capable of being read by a screen reader does not allow proper navigation. Due to the lack of any alternative text, plaintiffs were/are forced to listen to a never ending recitation of text that cannot even be reduced to recognizable terms when they should hear a simple term such as "Reservations."

Specifically, while a sighted consumer sees a link labeled as "Fares", plaintiffs hear "CGI-bin/request Fares." Moreover, while a sighted customer sees "GO", plaintiffs hear "images/sidego.gif." Also, a sighted customer sees "contact SWA", while plaintiffs hear "travel-center/luvbook.html." Lastly, while a sighted user can focus in immediately to the main content of a page, the plaintiffs must listen to hundreds of items before arriving at the main content. Compounding the many navigational challenges facing plaintiffs when they visit SOUTHWEST.COM is the lack of a "skip navigation link." Once plaintiffs select a link to follow, the navigation bars from the home page are repeated. Accordingly, plaintiffs are forced

to listen to the recitation of non-alternative text before hearing the main content of that particular webpage, i.e. the home page and/or ordering page.

(b)     **Purchasing**: Although technically possible, plaintiffs found purchasing a ticket to be extremely difficult and thereby they have been denied equal access. For example, a sighted customer goes to the visual prompt indicating "Reservations," however, plaintiffs hear "CGI-bin/billeditenarary." This sighted customer would then proceed to the visual prompt "Hotel," however, plaintiffs hear "CGI-bin/hoteltab."

Then the sighted customer would see the visual prompt "stay near downtown," however, a screen reader would prompt plaintiff, another blind customer, to press the tab key which automatically checks the "other city" radio button. While a sighted customer could proceed to the "negotiated corporate rate code," plaintiffs hear "edit box." Further, a sighted customer could proceed to a visual prompt "air," while plaintiffs hear "ss=0&disc=3:1020187129.580657:49368@22de40b7c17e5db60052564bf9c7071c65e291eb." Therefore, blind users are denied the independent ability to purchase airline tickets or any other item from SOUTHWEST.COM.

15.     Without injunctive relief, GUMSON and other blind members of ACCESS NOW will continue to be discriminated against and unable to independently access and use Defendant's, SOUTHWEST.COM, website in violation of their rights under the ADA. Providing accessibility would neither fundamentally alter the nature of Defendant's website nor unduly burden Defendant. It is readily achievable.

16.     Plaintiffs have no adequate remedy at law.

## CLAIMS FOR RELIEF

### COUNT I-VIOLATION OF THE ADA'S
### COMMUNICATION BARRIERS REMOVAL MANDATE

17.     Plaintiffs reallege paragraphs 1 through 16 as if fully set forth herein.

18.     Defendant, SOUTHWEST'S website denies access to Plaintiffs through the use of a screen reader and therefore, violates the communication barriers removal provision of the ADA, 42 U.S.C. §12182(b)(2)(A)(iv), because it constitutes a failure to remove existing communication barriers from the website.

19.     Redesigning the SOUTHWEST.COM website to permit the blind to use it through a screen reader is readily achievable and the requested modification is reasonable.

20.     These remedial measures (SOUTHWEST redesigning the portions of the website to enable access through a screen reader) are effective, practical and financially manageable.

### COUNT II-VIOLATION OF THE ADA'S
### AUXILIARY AIDS SERVICES MANDATE

21.     Plaintiffs reallege paragraphs 1 through 16, as if fully set forth herein.

22.     Defendant's website violates the auxiliary aids and services provision of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii), because it constitutes a failure to take steps to ensure that individuals who are blind are not denied access to the website, and does not provide an effective method of making this "visually delivered material available to individuals with visual impairments." 42 U.S.C. §12102(1)(b).

23.     Providing auxiliary aids and services that would make Defendant's SOUTHWEST.COM website accessible to and independently usable by persons who are blind

8

would neither fundamentally alter the nature of Defendant's website, nor unduly burden Defendant.

### COUNT III-VIOLATION OF ADA'S
### REASONABLE MODIFICATION MANDATE

24. Plaintiffs reallege paragraphs 1 through 16, as if fully set forth herein.

25. Defendant's website denying access to the Plaintiffs to use it through a screen reader violates the reasonable modifications provisions of the ADA, 42 U.S.C. § 12182(b)(2)(A)(ii), in that it constitutes a failure to make reasonable modifications to policies, practices and procedures necessary to afford access to the website to persons who are blind. Modifying its policies, practices and procedures to afford access to SOUTHWEST.COM by redesigning the website, would not fundamentally alter the nature of SOUTHWEST.COM'S website.

### COUNT IV-VIOLATION OF THE ADA'S
### FULL AND EQUAL ENJOYMENT MANDATE

26. Plaintiffs reallege paragraphs 1 through 16, as if fully set forth herein.

27. Defendant's internet website violates the full and equal enjoyment and participation provisions of the ADA pertaining to access to goods and services and advantages offered by SOUTHWEST.COM (42 U.S.C. §§ 12182(a), 12182(b)(1)(A)(i), and 12182(b)(1)(A)(ii)), in that it constitutes a failure to make the website fully accessible and independently usable by individuals who are blind.

### RELIEF

WHEREFORE, Plaintiffs, ACCESS NOW, INC. and ROBERT GUMSON, request this court grant the following relief:

(a) Declare that Defendant's, SOUTHWEST AIRLINES CO., actions and inactions with respect to its SOUTHWEST.COM internet website violate Title III of the ADA, 42 U.S.C. § 12182 as alleged in Counts 1-4;

(b) Enjoin Defendant, SOUTHWEST AIRLINES CO. from continuing to violate the ADA and order Defendant to make its SOUTHWEST.COM website accessible and to take such other and further steps as are necessary to allow independent access through screen access programs by persons who are blind; and

(c) Grant Plaintiffs, ACCESS NOW, INC. and ROBERT GUMSON, such other relief as the Court deems just, equitable, and appropriate, including without limitation, an award of reasonable attorneys' fees, litigation expenses and costs under 42 U.S.C. § 12205.

TRIAL BY JURY IS DEMANDED ON ALL CLAIMS SO TRIABLE.

DATED this 10th day of June, 2002.

        RASCO REININGER PEREZ & ESQUENAZI, PL
        Attorneys for Plaintiffs
        283 Catalonia Avenue, Second Floor
        Coral Gables, Florida 33134
        Telephone: (305) 476-7100
        Facsimile: (305) 476-7102

By: _____
        HOWARD R. BEHAR
        Florida Bar No. 054471

By: _____
        STEVEN R. REININGER
        Florida Bar No. 202002

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

## I. (a) PLAINTIFFS

ACCESS NOW, INC., a Florida non-profit corporation and ROBERT GUMSON,

## DEFENDANTS

SOUTHWEST AIRLINES CO., a Texas corporation,

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Howard R. Behar, Rasco Reininger Perez & Esquenazi, P.L.
283 Catalonia Avenue, Second Floor
Coral Gables, Florida 33134 (305) 476-7100

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: **DADE**, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | **A LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | A☐ 871 IRS - Third Party 26 USC 7609 | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

LENGTH OF TRIAL
via 3 days estimated (for both sides to try entire case)

42 U.S.C. 12182 ("ADA")

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ Declaratory Relief

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE: June 10, 2002

SIGNATURE OF ATTORNEY OF RECORD
Howard R. Behar, Florida Bar No. 054471

$150.00   864141

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT $150.00  APPLYING IFP _____  JUDGE _____  MAG. JUDGE 06/10/02